IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02664-REB-MJW

EVELYN P. MONDRAGON, et al.,

Plaintiffs,

v.

CLAY D. OTTO, a/k/a Douglas Otto Clay, ak/a Douglas O. Clay, et al.,

Defendants.

---

**RECOMMENDATION THAT ACTION BE DISMISSED AGAINST
DEFENDANT CLAY D. OTTO, a/ka DOUGLAS OTTO CLAY,
a/k/a DOUGLAS O. CLAY**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on January 3, 2006. (Docket No. 10).

On December 29, 2005, this action was removed to this court from Boulder County District Court, where the action was filed on or about August 22, 2005 (Docket No. 1 - Notice of Removal). Nevertheless, the plaintiffs have not yet filed proof that they have served defendant Clay D. Otto, also known as Douglas Otto Clay and Douglas O. Clay.

As a result of the non-service of this defendant, this court issued an Order to Show Cause on February 27, 2006, directing the plaintiffs to show cause on March 28,

2

2006, at 10:30 a.m. before this court why the case should not be dismissed as against defendant Otto pursuant to Fed. R. Civ. P. 4(m) and/or 41(b).  The day before that Order to Show Cause was set to be heard, plaintiffs filed a motion for an extension of time for service of process on defendant Otto claiming:

> (a) that the investigating officer for the Colorado State Patrol erroneously reported the name of the Defendant on the accident report in that the name of the Defendant is actually Douglas Otto Clay; (b) the Plaintiffs have determined Douglas Otto Clay's social security number; (c) the Plaintiffs have discovered a post office box for Douglas Otto Clay in Bossier City, Louisiana; and (d) the Plaintiffs have discovered, but have not yet verified, the physical address of Douglas Otto Clay in Bossier City, Louisiana.

(Docket No. 31 at ¶ 2).  Plaintiffs stated their belief "that, if afforded a reasonable amount of time, they will be able to effect service on that defendant."  (Docket No. 31 at ¶ 5).  The following day this court granted the plaintiffs' motion and continued the show cause hearing to May 2, 2006, at 10:00 a.m.

During the continued show cause hearing on May 2, plaintiffs' counsel advised that defendant Douglas Otto Clay had not yet been served but had been located in Louisiana, that the process server had been there at least once to attempt service, and that a neighbor claimed that since the defendant's truck was not there (and defendant is a trucker), he must be on the road.

The court finds, however, that the plaintiffs have had more than adequate time to serve this defendant.  This action was commenced in Boulder County over eight months ago, was removed to this court over four months ago, and the Scheduling Order (Docket No. 18) was entered by this court over two months ago.  Furthermore,

3

the plaintiffs advised this court over five weeks ago that they "discovered, but have not yet verified, the physical address of Douglas Otto Clay in Bossier City, Louisiana." (Docket No. 31 at ¶ 2).  Nevertheless, apparently just one unsuccessful attempt has been made to serve the defendant since that time.

>Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:
>
>>If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant and direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .
>
>Fed. R. Civ. P. 4(m).  In addition, Rule 41(b) provides in pertinent part:
>
>>For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.
>
>Fed. R. Civ. P. 41(b).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this case be dismissed without prejudice as against defendant Clay D. Otto, also known as Douglas Otto Clay, also known as Douglas O. Clay, pursuant to Fed. R. Civ. P. 4(m) and/or 41(b).

Dated: May 2, 2006              s/ Michael J. Watanabe
       Denver, Colorado          Michael J. Watanabe
                                 United States Magistrate Judge